IN RE ADOPTION OF MAYS ET AL.

(No. C-850783 — Decided
June 11, 1986.)

*Daniel J. James,* for petitioner-appellee Barbara Sue Mays.

*Kimpel, Hyland, Weinkam & Goodson* and *Michael J. Bergmann,* for appellant Patrick Lynn Taylor.

*Per Curiam.* This cause came to be heard upon the appeal from the Hamilton County Court of Common Pleas, Probate Division.

The appellant, Patrick Lynn Taylor, ("Taylor"), is the natural father of Patrick Lynn Mays and Jonathon Andrew Mays. Taylor appeals herein from the judgment of the Hamilton County Court of Common Pleas, Probate Division ("probate court") awarding permanent custody of his two minor children to their maternal grandmother, petitioner-appellee Barbara Sue Mays ("Mays").

In November 1984, Mays filed a petition in probate court for the adoption of Patrick Lynn Mays and Jonathon Andrew Mays. Mays alleged in her petition that the children's natural mother, Linda Mays Taylor, had consented to the adoption and that the consent of the children's natural father, Taylor, was not required because he had failed without justifiable cause to provide for the maintenance and support of the children for a period of more than one year prior to the filing of the petition. Taylor was notified of the petition, and he responded with an answer and objections to the adoption.

In October 1985, following a hearing on the petition, the probate court issued its opinion. The court found that the children were originally placed in Mays' home in January 1982. In August of the same year, the juvenile court awarded Mays temporary custody of the children. In January 1983, Taylor was incarcerated in the Lebanon Correctional Institution where he remained until his parole in August 1985. In July 1983, while Taylor was incarcerated, his wife, Linda Taylor, obtained a divorce. The probate court determined that Taylor had failed, as alleged, to provide for the maintenance and support of his children for more than one year preceding Mays' initiation of adoption proceedings, but that his incarceration justified his failure. The court thus concluded that Taylor's consent to the adoption was required and, accordingly, entered judgment dismissing Mays' petition. The court further determined that the children's best interests would be served by remaining with Mays and, therefore, pursuant to R.C. 3107.14(D), awarded permanent custody of the children to Mays.

From that judgment, Taylor has taken the instant appeal in which he sets forth two assignments of error. In his first assignment of error, Taylor assails the probate court's award of permanent

custody of the children to Mays. We find this remonstration to be meritorious.

As a preliminary matter, we note that the probate court had jurisdiction to rule upon Mays' adoption petition despite the contemporaneous jurisdiction of the juvenile court which arose by virtue of its prior award of temporary custody. The juvenile court awarded Mays temporary custody of the children in August 1982. Subsequent to an award of temporary custody, the juvenile court retains continuing jurisdiction which may be invoked by motion. Juv. R. 35 (A). However, the probate court has exclusive jurisdiction to hear and determine an adoption petition notwithstanding the continuing jurisdiction of another court. *In re Adoption of Stone* (Mar. 19, 1973), Butler App. No. B72-06-0046, unreported. Thus, the probate court had jurisdiction to entertain Mays' adoption petition.

We further find statutory authority for the probate court's award of permanent custody to Mays following its dismissal of the petition for adoption. R.C. 3107.14 governs the disposition of an adoption petition and provides in relevant part as follows:

"(C) If, at the conclusion of the hearing, the court finds that the required consents have been obtained or excused and that the adoption is in the best interest of the person sought to be adopted, it may issue * * * a final decree of adoption * * *.

"(D) If the requirements for a decree under division (C) of this section have not been satisfied * * * the court shall dismiss the petition and may determine the agency or person to have temporary or permanent custody of the person, which may include the agency or person that had custody prior to the filing of the petition or the petitioner, if the court finds it is in the best interest of the person, or if the person is a minor, the court may certify the case to the juvenile court of the county where the minor is then residing for appropriate action and disposition."

Thus, R.C. 3107.14(C) empowers the probate court to issue a final decree of adoption upon a duly filed petition if it determines that the consents required pursuant to R.C. 3107.06 have been obtained or excused under R.C. 3107.07 and that the adoption is in the best interest of the child. R.C. 3107.14(D) mandates dismissal of the petition if the division (C) requirements are not met and authorizes the probate court to make an alternative disposition, *viz.*, an award of temporary or permanent custody to an agency or person if such award is in the best interest of the person to be adopted, or certification to the juvenile court for appropriate action and disposition if the person to be adopted is a minor.

The court below determined pursuant to R.C. 3107.14(C) that Taylor's consent was required because his failure to provide for the maintenance and support of his children was justified by his incarceration. Upon Mays' failure to obtain or excuse Taylor's consent and thus satisfy one of the R.C. 3107.14(C) requirements, the probate court, pursuant to R.C. 3107.14(D), dismissed Mays' petition. Upon its further determination that the best interests of the children would be served by remaining with Mays, the court, pursuant to R.C. 3107.14(D), awarded permanent custody to Mays. Thus, the court below acted within the authority conferred by R.C. 3107.14(D) to award permanent custody to Mays following its dismissal of the adoption petition and upon its determination that such award was in the best interests of the children.

We note, however, that R.C. Chapter 3107, which governs adoption proceedings, neither defines the phrase "permanent custody" nor prescribes the effect of a permanent custody award pursuant to R.C. 3107.14(D). "Permanent custody" is defined for purposes of

juvenile court proceedings under R.C. Chapter 2151 in R.C. 2151.011(B)(12), which provides as follows:

" 'Permanent custody' means a legal status created by the court which vests in the county department of welfare which has assumed the administration of child welfare, county children services board, or certified organization, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of any and all parental rights, privileges, and obligations, including all residual rights and obligations."

Thus, an award of permanent custody in juvenile court proceedings under R.C. Chapter 2151 divests natural parents of all parental rights, privileges and obligations. R.C. 1.42 sets forth the rule of construction for words and phrases in the Revised Code. The rule provides:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

We find that the phrase "permanent custody" has acquired a technical meaning by legislative definition and that, in the absence of a contrary definition for purposes of proceedings under R.C. Chapter 3107, the phrase must be construed consistently with R.C. 2151.011 (B)(12). We, therefore, conclude that an award of permanent custody by the probate court pursuant to R.C. 3107.14(D) effectively divests the natural parents of all parental rights, privileges and obligations.[1]

Natural parents have a fundamental liberty interest in the care, custody and management of their children. *Santosky* v. *Kramer* (1982), 455 U.S. 745. This interest is protected under the guarantee of due process of law set forth in the Fourteenth Amendment to the United States Constitution, *id.*, and under the guarantee of due course of law set forth in Section 16, Article I of the Ohio Constitution. Proceedings to terminate parental rights interfere with this fundamental liberty interest. Therefore, when a state seeks to terminate parental rights, it must provide the parent with fundamentally fair procedures. *Id.*

The primary consideration in a custody determination, however, is the best interest of the child. *In re Perales* (1977), 52 Ohio St. 2d 89, 6 O.O. 3d 293, 369 N.E. 2d 1047; *Clark* v. *Bayer* (1877), 32 Ohio St. 299. When the interest of a parent in the custody of his child coincides with the best interest of the child, the best interest of the child is served by maintaining the family structure to the extent possible. *In re Perales, supra; Thrasher* v. *Thrasher* (1981), 3 Ohio App. 3d 210, 3 OBR 240, 444 N.E. 2d 431. If parental custody is detrimental to the child, however, the best interest of the child prevails and a court may grant custody to a nonparent. *Thrasher* v. *Thrasher, supra.*

In a custody dispute between natural parents, the parents have an equal interest in the custody of their child and, therefore, the welfare of the child is the sole consideration. *In re Perales, supra.* However, a parent has a paramount right to the custody of his child over a nonparent. Thus, in a custody dispute between a parent and a nonparent, the fundamental right of a parent to raise

---

[1] An award of permanent custody under R.C. Chapter 2151 also vests parental rights, duties and obligations in an agency and not in an individual. Taylor contends that the rule of construction for words and phrases set forth in R.C. 1.42 precludes the probate court from awarding permanent custody under R.C. 3107.14(D) to an individual, *i.e.,* Mays. We reject such a construction as inimical to the R.C. Chapter 3107 adoption provisions which permit investiture of parental rights, duties and obligations in an individual.

his own child is brought into play. *Id.* Resultantly, in a custody dispute between a parent and a nonparent, the parent may be denied custody only if clear and convincing evidence indicates "abandonment, contractual relinquishment of custody, total inability to provide care or support, or that the parent is otherwise unsuitable — that is, that an award of custody would be detrimental to the child." *Id.* at 98, 6 O.O. 3d at 297, 369 N.E. 2d at 1052. See *In re Joseph* (Aug. 8, 1984), Hamilton App. Nos. C-830856 & -830857, unreported (termination of parental rights must be made upon clear and convincing evidence).

The Revised Code authorizes permanent divestiture of parental rights in three separate proceedings, *viz.,* permanent commitment pursuant to R.C. Chapter 2151, adoption pursuant to R.C. 3107.14(C), and as an alternative disposition when an adoption petition is dismissed pursuant to R.C. 3107.14(D). Each proceeding essentially involves a dispute between a parent and a nonparent and, in each, the best interest of the child is considered. However, in only two of these proceedings, permanent commitment and adoption, is the fundamental interest of a parent in the custody of his child acknowledged.

Under R.C. Chapter 2151, the juvenile court may order a child committed to the permanent custody of a designated agency either directly pursuant to R.C. 2151.353(A)(4) or upon a motion to modify a prior order of temporary custody pursuant to R.C. 2151.414. Either disposition is preceded by a determination that the child is abused, neglected or dependent. R.C. 2151.35. Thus, the parents' interests are protected by a prior adjudication of abandonment, inability to provide care or support, or unsuitability. The juvenile court may thereupon order direct commitment to permanent custody pursuant to R.C. 2151.353(A)(4) or the modification of temporary custody to permanent custody pursuant to R.C. 2151.414 if it determines: (1) that the parents have acted and will continue to act in such a manner that the child is without adequate parental care; and (2) that permanent custody is in the best interest of the child. See R.C. 2151.353(A)(4); R.C. 2151.414(A) (2) and (3). Thus, in the dispositional phase of permanent commitment proceedings, the parents' interests are again a factor to be considered in conjunction with the best interest of the child.

When parental rights are terminated by adoption under R.C. 3107.14 (C),[2] the natural parents' interests are similarly protected. A probate court is authorized under R.C. 3107.14(C) to grant a petition for adoption upon its determination that the required consents are obtained or excused and that the adoption is in the best interest of the person to be adopted. The parental consent requirement envisions contractual relinquishment of custody. Parental consent is excused if a parent, without justifiable cause, has failed to communicate with or to provide for the maintenance and support of the minor for more than one year preceding the filing of the adoption petition or placement of the minor in the petitioner's home. R.C. 3107.07(A). Parental consent is also excused if a parent has relinquished his right to consent by placement of the minor in the permanent custody of a state association or institution pursuant to R.C. 5103.15. R.C. 3107.07(C). Thus, the interests of the natural parents are protected in adoption proceedings under R.C. 3107.14(C) by the requirement of a determination of contractual relinquishment, inability to provide support or care, or unsuitability.

The protections afforded parents in

---

[2] A final decree of adoption relieves biological parents of all parental rights and responsibilities. R.C. 3107.15(A)(1).

R.C. Chapter 2151 permanent commitment proceedings and R.C. 3107.14(C) adoption proceedings are lacking, however, in the legislative grant of authority to probate courts under R.C. 3107.14 (D). Pursuant to R.C. 3107.14(D) the probate court may award permanent custody of a child to a nonparent, and thereby terminate the rights of the natural parents, solely upon its determination that such award is in the best interest of the child. Thus, a parent may be divested of his parental rights without a determination of abandonment, contractual relinquishment of custody, inability to provide care or support, or that the parent is otherwise unsuitable. See *In re Perales, supra.* We thus determine that R.C. 3107.14(D), to the extent that it permits the probate court to award permanent custody of a child to a nonparent and thus divest a parent of his parental rights without recognizing the parent's fundamental and constitutionally cognizable interest in the custody of his child, violates Taylor's right to due process of law. Accordingly, we sustain Taylor's first assignment of error and limit the probate court's discretion under R.C. 3107.14(D), in its optional disposition following dismissal of an adoption petition, to a determination of the agency or person to have temporary custody if such custody is in the best interest of the person to be adopted, or certification of the cause to the juvenile court for appropriate action and disposition.

Taylor, in his second assignment of error, contends that the court below abused its discretion by excluding from evidence at the hearing on Mays' adoption petition testimony establishing his efforts and abilities since the filing of the petition to provide for the care, support and maintenance of his children and by refusing his requests for a current supplemental investigation into those efforts and abilities. We find no merit to this contention.

R.C. 3107.12(A) mandates a prehearing "investigation * * * into the conditions and antecedents of a minor sought to be adopted and of the petitioner, for the purpose of ascertaining whether the adoptive home is a suitable home for the minor and whether the proposed adoption is in the best interest of the minor.* * *" Thus, the express purpose of the investigation is to determine the suitability of the adoptive parents and whether the adoption is in the best interest of the child. Taylor's efforts and abilities to care for, support and maintain his children are not probative of either issue and are, therefore, irrelevant. See Evid. R. 401. We thus determine that the court below properly denied Taylor's requests for a supplemental investigation. See Evid. R. 402.

As we noted *supra,* the focus in the dispositional phase of adoption proceedings is on: (1) whether parental consents were obtained or excused by contractual relinquishment or by the parents' failure without justifiable cause to communicate with or to maintain or support their child for more than one year prior to the filing of the petition; and (2) whether adoption is in the best interest of the child. R.C. 3107.14(C). The determinative issue in the court's alternative disposition following the dismissal of an adoption petition under R.C. 3107.14(D) is whether a custodial award is in the best interest of the child.

Taylor's efforts and abilities to maintain and support his children in the year *prior to* Mays' institution of adoption proceedings are thus relevant to the probate court's R.C. 3107.14(C) determination of whether Taylor's consent is excused. However, his efforts and abilities *since* the filing of the petition are immaterial to the R.C. 3107.14(C) issue of whether his consent was excused, see Evid. R. 401, and, in fact, this issue was decided in Taylor's favor. We further determine that Taylor's abilities and efforts to maintain and support his

children are irrelevant to both the R.C. 3107.14(C) and R.C. 3107.14(D) issues of whether adoption by Mays or an award of temporary custody to Mays was in the best interests of the children. See Evid. R. 401. Therefore, we find no error in the trial court's exclusion of testimony to that effect, see Evid. R. 402, and, accordingly, overrule his second assignment of error.

Taylor on appeal does not, for obvious reasons, challenge the probate court's dismissal of Mays' petition for adoption. Accordingly, our determination herein does not affect that portion of the judgment of the court below pertaining to the dismissal of Mays' adoption petition.

We determined, however, in upholding Taylor's first assignment of error, that R.C. 3107.14(D), to the extent that it permits the probate court to award permanent custody to a nonparent solely upon a determination that the award is in the best interest of the child and to thereby permanently divest a parent of his parental rights without acknowledging the parent's fundamental liberty interest in the custody of his child, violates Taylor's right to due process of law. We, therefore, reverse that portion of the judgment which awards permanent custody of the children to Mays and remand the matter for further proceedings in accordance with this decision.

*Judgment accordingly.*

KEEFE, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.